**UNITED STATES COURT OF APPEALS**
**FOR THE NINTH CIRCUIT**

Case No. 26-115

TRACY LEE HURST-CASTL,

Appellant,

v.

SABLES, LLC, et al.,

Appellees.

R E C E I V E D
MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MAR 2 5 2026

FILED _____
DOCKETED _____
DATE          INITIAL

## APPELLANT'S RENEWED EMERGENCY MOTION FOR INJUNCTION PENDING APPEAL BASED ON CHANGED CIRCUMSTANCES PURSUANT TO FEDERAL RULE OF APPELLATE PROCEDURE 8(a)

Appellant Tracy Lee Hurst-Castl, proceeding pro se, respectfully moves this Court pursuant to Federal Rule of Appellate Procedure 8(a) for an emergency injunction pending appeal based upon materially changed circumstances arising after the denial of Appellant's prior emergency motion.

## I. INTRODUCTION

Appellant respectfully requests expedited consideration of this motion.

This motion is not duplicative of Appellant's prior request. Since the Court's prior ruling, Appellant has been unlawfully dispossessed of the subject property and denied access to substantial personal property without notice, without a valid court order, and without due process of law.

1

These events have occurred during the pendency of this appeal and involve Appellees' continued control over Appellant's personal property while refusing access. Appellees, through their agents, have taken inconsistent and contradictory positions regarding Appellant's right to retrieve her belongings, further demonstrating lack of lawful authority and ongoing irreparable harm.

These actions threaten to undermine this Court's jurisdiction and the effectiveness of appellate review.

Absent immediate relief, Appellees' ongoing conduct will continue to deprive Appellant of her property and effectively nullify the appellate process by enforcing disputed rights before this Court has ruled.

## II. MATERIAL CHANGE IN CIRCUMSTANCES

On or about March 10, 2026, during the pendency of this appeal, Appellant was locked out of the property located at 3910 White Fir Way, Las Vegas, Nevada. Appellant was not named as a party in any summary eviction proceeding, was not served with notice, and no court order exists authorizing her removal or dispossession. No judicial determination has been made as to Appellees' rights against Appellant individually, and no lawful process authorizes their actions against her. The lockout was executed under color of authority using an expired summary eviction order that applied, if at all, only to other individuals.

Enforcement actions taken in the absence of such authority exceed the scope of any lawful process.

At the time of the lockout, Appellant maintained an ongoing occupancy interest in the property, including a private room, and retained substantial personal property within the residence.

Individual rooms at the property were leased as furnished, and the common areas were furnished by Appellant for shared use. The furnishings, appliances, and household contents are Appellant's personal property and were not stored items, but were in active, daily use by the occupants of the home.

## III. POST-LOCKOUT EVENTS AND DOCUMENTED COMMUNICATION ATTEMPTS

Following the lockout, Appellant made immediate, repeated, and good faith efforts to coordinate retrieval of her personal property.

On March 19, 2026:

1. At approximately 9:39 AM, Appellant sent an email to the property manager using the contact information provided; the message was returned as undeliverable;

2. At approximately 10:41 AM, Appellant attempted to contact the property manager by telephone and left a voicemail requesting coordination of access;

3. At approximately 11:51 AM, after being unable to reach the property manager, Appellant contacted counsel for Appellees by email requesting coordination of access;

4. At approximately 1:01 PM, counsel for Appellees responded, stating that Appellant would not be provided access to retrieve her personal property;

5. At approximately 1:09 PM, the property manager responded to another occupant indicating that she had not heard from Appellant and requesting Appellant's contact information.

Appellant subsequently provided her contact information and responded through an existing communication channel that successfully reached the property manager after prior direct email attempts were unsuccessful.

Despite these efforts, Appellees, through counsel, have refused to provide access to Appellant, while the property manager has indicated that access will be provided to other occupants and has referenced coordination involving Appellant.

These conflicting positions demonstrate that Appellees are exercising control over Appellant's personal property while arbitrarily denying her access.

## IV. LEGAL STANDARD

An injunction pending appeal is appropriate where the movant demonstrates:

1. Likelihood of success on the merits;

2. Likelihood of irreparable harm;

3. That the balance of equities tips in the movant's favor;

4. That an injunction is in the public interest.

Nken v. Holder, 556 U.S. 418, 434 (2009).

The Ninth Circuit applies a sliding scale approach under which serious questions going to the merits and a balance of hardships tipping sharply in the movant's favor can support relief. Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127 (9th Cir. 2011).

## V. ARGUMENT

### A. Likelihood of Success on the Merits

The central issue on appeal is whether Appellees possess lawful standing or authority to enforce rights against the property.

Appellees' actions are particularly improper because the issue of standing and authority remains unresolved before this Court. Because Appellees' authority to act has not been established and remains the central issue on appeal, Appellant has at minimum raised serious questions going to the merits. Despite this, Appellees have proceeded to exercise control over Appellant's possessory interests and personal property. Such actions, taken while jurisdiction and standing remain actively contested on appeal, constitute an improper exercise of authority and risk rendering the appellate process meaningless.

Appellees' conduct—dispossessing Appellant without a valid court order and refusing access to her personal property—demonstrates the absence of lawful authority.

Acts taken without jurisdiction or legal authority are void. United States v. United Mine Workers, 330 U.S. 258 (1947).

Additionally, courts recognize limits on enforcement actions where rights remain at issue. See In re Perl, 811 F.3d 1120 (9th Cir. 2016).

Appellees' inconsistent positions further demonstrate the absence of a clear and lawful basis for their actions.

## B. Irreparable Harm

Appellant has suffered and continues to suffer irreparable harm, including:

1. Physical dispossession from her residence;

2. Denial of access to personal belongings;

3. Continued control and withholding of furnishings, appliances, and essential property used for daily living.

The Supreme Court has held that the seizure of property constitutes a constitutional violation. Soldal v. Cook County, 506 U.S. 56, 61 (1992).

The Ninth Circuit has recognized that the deprivation and control of personal property constitutes irreparable harm. Lavan v. City of Los Angeles, 693 F.3d 1022 (9th Cir. 2012).

6

This harm is ongoing and cannot be remedied by monetary damages alone. The ongoing deprivation of essential personal property, including items necessary for daily living, further exacerbates the irreparable nature of the harm.

## C. Balance of Equities

The balance of equities strongly favors Appellant.

Appellant seeks only access to retrieve her own personal property and preservation of that property.

Appellees suffer no meaningful prejudice from allowing such access, while Appellant faces continued deprivation and risk of loss of essential belongings.

## D. Public Interest

The public interest favors:

1. Protection of constitutional due process rights;

2. Prevention of unlawful seizure and retention of personal property;

3. Preservation of the integrity of appellate proceedings.

Allowing parties to enforce control over property during the pendency of an appeal without lawful authority undermines the judicial process.

## E. Appellees' Continued Control and Conditional Release of Property Confirms Ongoing Harm

Appellees, through counsel, have expressly acknowledged that they are inventorying, storing, and controlling Appellant's personal property and intend to

7

condition its release upon payment of fees. (See Exhibit G). Appellees' own statements establish that their actions are ongoing, not concluded, and reflect continued control over Appellant's personal property. This conduct constitutes an active deprivation of Appellant's possessory rights and further supports a finding of irreparable harm.

**F. Ongoing Controversy and Non-Mootness**

This matter is not moot.

Appellees continue to:

1. Exercise control over Appellant's personal property;

2. Deny access to that property;

3. Act inconsistently through their agents.

These facts demonstrate an ongoing, live controversy.

**VI. RELIEF REQUESTED**

Appellant respectfully requests that this Court:

1. Issue an injunction requiring Appellees to provide immediate and reasonable access for Appellant to retrieve her personal property;

2. Order that all personal property located at the premises be preserved and not removed, disposed of, or altered;

3. Prohibit further enforcement actions affecting Appellant during the pendency of this appeal;

4. Preserve the status quo pending resolution of this appeal;

5. Grant such other and further relief as the Court deems just and proper.

6. Prohibit Appellees from conditioning the release of Appellant's personal property on payment of fees or other requirements not authorized by a valid court order.

## VII. CONCLUSION

Appellant has demonstrated materially changed circumstances, ongoing irreparable harm, and at minimum serious questions going to the merits.

Immediate relief is necessary to prevent further constitutional injury and preserve the status quo pending appellate review.

## VERIFICATION

I, Tracy Lee Hurst-Castl, declare under penalty of perjury that the foregoing facts stated in this motion are true and correct to the best of my knowledge and based upon my personal knowledge.

Executed on this 20th day of March 2026

**TRACY LEE HURST-CASTL**

9

Respectfully submitted,

**TRACY LEE HURST-CASTL**

Appellant, Pro Se

8616 Mirada Del Sol Dr.

Las Vegas, NV 89128

(702)739-4464

tlhangel@hotmail.com

## EXHIBIT LIST

- Exhibit A – Silvia Villanueva email (1:01 PM denial)

- Exhibit B – Erica Jade email (1:09 PM response) to Tenant, Stephen Cervantes email March 19, 2026 request 1st attempt @ 9:07 and resent 2nd email she received @ 10:26 AM

- Exhibit C – Tracy's 9:39 AM email attempt (undeliverable) to Erica Jade

- Exhibit D – Bounce-back message

- Exhibit E – Tracy's Call log / voicemail (10:41 AM) to Erica Jade

- Exhibit F – Tracy's Email forwarded through Stephen (successful delivery) on March 19, 2026 (10:00 PM) to Erica Jade

- Exhibit G – Silvia Villanueva's March 20, 2026 – 9:44 AM email to Tenant, Stephen Cervantes

## CERTIFICATE OF SERVICE

I certify that on March 20, 2026, I served a true and correct copy of the foregoing Appellant's Renewed Emergency Motion for Injunction Pending Appeal and all accompanying documents on all parties by U.S. Mail, first-class postage prepaid, and by electronic mail where available, addressed as follows:

Alane M. Opie, Esq.

Madeleine Coles, Esq.

Michael R. Hogure, Esq.

**GREENBERG TRAURIG, LLP**

10845 Griffith Peak Drive, Suite 600

Las Vegas, Nevada 89135

Service Method: first-Class U.S. Mail

March 20, 2026

TRACY LEE HURST-CASTL
Appellant, Pro Se

# EXHIBIT A

 **Outlook**

## Re: Tracy Hurst-Castl - 3910 White Fir Way, LV, NV 89124 - Lock Out and Request to Retrieve Personal Belongings

**From** Silvia Villanueva <SVillanueva@blackwadhams.law>

**Date** Thu 3/19/2026 1:01 PM

**To** TRACY HURST <tlhangel@hotmail.com>

Greetings, Tracy.

Based upon my review of the Court record and legal proceedings, it has been determined by multiple courts (both State and Federal) that you do not have any legal rights or title to 3910 White Fir Way, Las Vegas, Nevada ("Property"). I'm not sure why you believe you would be entitled to notice. Any personal belongings that you may have stored at the Property **should have been removed more than a year ago** when the district court authorized foreclosure of the Property. Any failures on your part to remove property prior to the foreclosure proceedings have no bearing on my client. Accordingly, my client will not be coordinating with you for the retrieval of any personal belongings. With respect to Stephen Cervantes, Taryn Sloane, and Eugene Foster, our office is happy to work directly with them to coordinate a time for them to retrieve their belongings.

Silvia U. Villanueva, Esq.
Licensed in NV | DC


BLACK WADHAMS

p: (775)883-5149
a: 50 W. Liberty Street, Suite 1100, Reno NV 89501
w: www.blackwadhams.law  e: svillanueva@blackwadhams.law

**From:** TRACY HURST <tlhangel@hotmail.com>
**Sent:** Thursday, March 19, 2026 11:51 AM
**To:** Silvia Villanueva <SVillanueva@blackwadhams.law>
**Subject:** RE: Tracy Hurst-Castl - 3910 White Fir Way, LV, NV 89124 - Lock Out and Request to Retrieve Personal Belongings

**This message has originated from outside your organization.**

**Request for Immediate Coordination of Access to Retrieve Personal Property – 3910 White Fir Way**

Dear Ms. Villanueva,

I am writing regarding the March 10, 2026 lockout at the property located at 3910 White Fir Way, Las Vegas, Nevada.

At the time of the lockout, I was not present at the property; however, I was contacted in real time by Stephen Cervantes while the constable and representatives were on site. I was not a named party to any of the summary eviction proceedings, was not served with any notice, and no order exists that lawfully authorized my removal from the property. Despite this, I have been locked out of the residence and denied access to my personal belongings.

I understand that the constable directed the tenants to a property management contact for retrieval of their personal belongings from their respective rooms and the common areas. However, I must make clear that the majority of the contents of the home, including all furnishings, appliances, personal effects, records, and valuables, are my personal property. I have owned this home for over 31 years, and there is a substantial volume of property that must be retrieved.

I previously attempted to contact Ms. Jade via email; however, that correspondence was returned as undeliverable. I also attempted to contact the number provided by the constable but have not received any coordination regarding access.

Accordingly, I am requesting that your office promptly coordinate with me to arrange access to the property so that I may retrieve my personal belongings. Due to the volume of items, this process will require a reasonable and sufficient amount of uninterrupted time and may need to occur over multiple visits. Additionally, Stephen Cervantes, Taryn Sloane, and Eugene Foster must be permitted to retrieve their essential personal belongings and items from their rooms and the common areas as soon as possible.

It has been brought to my attention that Mr. Cervantes was advised that a power of attorney would be required in order to retrieve belongings on behalf of Ms. Sloane and Mr. Foster. To clarify, Mr. Cervantes is not acting on behalf of any other individual. Each occupant, Stephen Cervantes, Taryn Sloane, and Eugene Foster, will be present in person to retrieve their own personal belongings. Accordingly, no power of attorney is necessary.

I will be retrieving the majority of my personal property separately due to the volume of items; however, I request to be present at the property at the same time that the occupants retrieve their belongings. I will also retrieve what I reasonably can during that time. Given that the furnishings and the majority of the contents of the home are my personal property, my presence is necessary to ensure proper identification, preservation, and removal of my belongings.

For the sake of clarity, the lockout was carried out without notice to me and without my inclusion in any court order, despite your office and the courts being aware of my occupancy of the property. I have been entirely excluded from the proceedings that resulted in enforcement, and I expressly reserve all rights and claims arising from these circumstances, including but not limited to violations of due process and improper enforcement of eviction procedures.

Additionally, I am an elderly individual with documented disabilities, of which all parties have been made aware. The manner in which this lockout was conducted, without notice or accommodation, has caused significant hardship.

Additionally, all occupants of the property are elderly, and one occupant in particular has a documented disability. The lockout occurred without any renewed notice being posted or advance warning, which eliminated any ability to prepare, make necessary arrangements, or implement accommodations related to her condition. The manner in which this enforcement was carried out caused significant distress and disruption, and these circumstances are being documented. All rights relating to these issues are expressly reserved.

As you are aware, there are ongoing legal proceedings currently pending in both federal and appellate ~~courts challenging your client's claimed authority, standing, and capacity with respect to this property.~~ Nothing in this correspondence should be construed as a waiver of any rights, claims, or defenses in those matters, all of which are expressly reserved.

Please also consider this correspondence a formal request that all personal property located at the premises be preserved in its current condition. No items are to be removed, disposed of, altered, transferred, or otherwise disturbed prior to my opportunity to retrieve them. This includes any property belonging to myself or the occupants.

We are prepared to coordinate retrieval in an orderly manner and, if necessary, in the presence of a neutral third party to ensure transparency. Please provide available dates and times at your earliest convenience so that arrangements can be made without further delay.

Please be advised that I will take any and all actions necessary to protect my legal and property rights as permitted by law, and this correspondence is intended to ensure that all parties proceed appropriately and avoid further harm or dispute.

I request that all communications regarding this matter be in writing.

Thank you for your prompt attention to this matter. I look forward to your response.

Sincerely,
Tracy Hurst-Castl

(702)739-4464

**Disclaimer**
The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by Mimecast, a leader in email security and cyber resilience. Mimecast integrates email defenses with brand protection, security awareness training, web security, compliance and other essential capabilities. Mimecast helps protect large and small organizations from malicious activity, human error and technology failure; and to lead the movement toward building a more resilient world. To find out more, visit our website.

# EXHIBIT B

 **Outlook**

---

## INFO!!!!!!!!!!!Re: 2nd send Fw: RE: Lock out in reference to Property Address: 3910 White Fir Way

---

**From** stephencervantes@peoplepc.com <stephencervantes@peoplepc.com>

**Date** Thu 3/19/2026 3:19 PM

**To** tlhangel@hotmail.com <tlhangel@hotmail.com>; stephencervantes@peoplepc.com <stephencervantes@peoplepc.com>

**Cc** tlhangel@hotmail.com <tlhangel@hotmail.com>; stephencervantes@peoplepc.com <stephencervantes@peoplepc.com>

!!!!!!!!!!!important!!!!!!!!!!

-----Forwarded Message-----

From: Erica Jade <erica@housinghustle.com>

Sent: Mar 19, 2026 1:09 PM

To: <stephencervantes@peoplepc.com>

Cc: <stephencervantes@peoplepc.com>

Subject: Re: 2nd send Fw: RE: Lock out in reference to Property Address: 3910 White Fir Way

Thanks for finally reaching out. Appreciate all of this info. There has never been a time since the lockout day that I have heard from you or any other occupants to coordinate a move. Our goal is to allow you an opportunity to move all of your personal belongings within the 30 days of the lockout date. At the time of lockout the constable advises occupants to get any essential, medical, personal and work items so I hope you were able to get those which will get you through until the move is scheduled.

I would be happy to coordinate a day for you to access your belongings and complete your move out. I schedule move outs during normal business hours which is Monday through Friday opening up the home at 8:00 am or after and returning to lock up by 3:30 - 4:00 pm. Every move out is a little diffferent. On that day we ask that all parties are prepared for their move with materials and moving assistance. You will be required to sign a personal property release form before entry. No real property can be removed at the time of move out.

Can you confirm when you will be able to schedule your move? Based on the location of the home, I have upcoming available times Tuesday and Wednesday if that works. That should allow you time to schedule and coordinate all.

I have not heard anything from Ms Hust-Castl as of yet. Please provide her contact info. We will need to coordinate for all occupants at once.

Thanks, E!

Erica Jade

The Housing Hustler

Serving The Greater Las Vegas and Phoenix Markets

702-208-5118

AZ LIC # BR638490000

NV LIC # S.72388.PLLC

> On Mar 19, 2026, at 10:26 AM, stephencervantes@peoplepc.com wrote:
>
> -----Forwarded Message-----
> From:
> Sent: Mar 19, 2026 9:07 AM
> To: ,
> Cc: ,
> Subject: RE: Lock out in reference to Property Address: 3910 White Fir Way
>
> URGENT: Request for Immediate Access to Retrieve Personal Belongings &ndash; March 10, 2026 Lockout
>
> Dear Ms. Jade,
>
> My name is Stephen Cervantes. I am writing regarding the property at 3910 White Fir Way, LV, NV 89124, where I resided as a tenant prior to the lockout that occurred on March 10, 2026, at approximately 1:00 PM.
>
> Constable J. Coovert (P#15536) advised that you are the property manager and the appropriate point of contact to coordinate access for retrieval of personal belongings. I am therefore requesting your immediate assistance in scheduling access for all affected occupants.
>
> There are multiple individuals whose personal property remains inside the home, including Stephen F. Cervantes (elderly), Taryn Sloan (deaf and disabled), Eugene Foster (elderly), and Tracy Lee Hurst-Castl (disabled and elderly occupant).
>
> Taryn Sloan, Eugene Foster, and I will be coordinating to retrieve our belongings together, and Ms. Hurst-Castl may also be present to access and retrieve her personal property.
>
> Each individual has significant personal belongings remaining in the home, including essential items, medical supplies, clothing, and other valuables necessary for daily living and health. The volume of property is substantial and will require several uninterrupted hours to safely and fully retrieve.
>
> Additionally, all furnishings, appliances, and general household contents throughout the residence belong to Ms. Tracy Lee Hurst-Castl and must be preserved and made accessible for retrieval.
>
> At this time, no clear instructions, posted notices, or coordinated access arrangements have been provided following the lockout. This lack of access is creating immediate hardship, particularly given the disabilities and medical needs of the individuals involved. The inability to retrieve necessary belongings, including critical medical materials, poses a serious risk to health, safety, and welfare.
>
> We are also concerned about the risk of loss, damage, or disposal of property without an opportunity to retrieve it.
>
> Accordingly, we respectfully request that you provide:
>

> * Specific dates and times within the next 24&ndash;48 hours for access to the property;
>
> * Sufficient access time (several hours, if necessary) to allow for complete retrieval of all personal belongings;
>
> * Confirmation that all property will be preserved and not removed, disposed of, or disturbed prior to retrieval.
>
> Given the circumstances, including the presence of elderly and disabled individuals, we request that this matter be handled on an expedited basis and with reasonable accommodation.
>
> We are attempting to resolve this cooperatively; however, continued denial of access may require further action to protect our rights.
>
> Please respond at your earliest convenience today so that arrangements can be made immediately.
>
> Thank you for your prompt attention to this urgent matter.
>
> Sincerely,Stephen F. Cervantes(949)307-2421stephencervantes@peoplepc.com

# EXHIBIT C

 Outlook

**RE: Lock out - Property Address: 3910 White Fir Way - Accommodations to Retrieve Personal Property**

From TRACY HURST <tlhangel@hotmail.com>

Date Thu 3/19/2026 9:39 AM

To erica@househustle.com <erica@househustle.com>

Cc TRACY HURST <tlhangel@hotmail.com>

Bcc stephencervantes@peoplepc.com <stephencervantes@peoplepc.com>

**Request for Immediate Access to Retrieve Personal Property – March 10, 2026 Lockout**

Dear Ms. Jade,

My name is Tracy Hurst-Castl. I am writing regarding the property at 3910 White Fir Way, where I am a known occupant and the owner of the personal property, furnishings, and appliances located within the residence.

I had no prior notice of the lockout that occurred on March 10, 2026, and I was not a party to any summary eviction proceeding. As a result, I have been denied access to my personal belongings without any opportunity to be heard or to make arrangements for retrieval.

A substantial amount of my personal property remains inside the home, including all furnishings, appliances, and household contents. Due to the volume and nature of these items, retrieval cannot be completed in a single entry. Because of my disability and the need to coordinate with movers and transportation, I will require multiple access dates and sufficient, uninterrupted time during each entry to safely and fully remove my belongings.

I understand that Stephen Cervantes has also contacted you regarding access for himself, Taryn Sloan, and Eugene Foster to retrieve their personal belongings. I am coordinating with them and may be present during one or more of those scheduled times to begin retrieval of my property as well.

At this time, there have been no instructions, notices, or scheduled arrangements provided regarding access to the property. This lack of access raises serious concerns regarding the preservation, safety, and potential loss, damage, or disposal of my belongings.

Accordingly, I respectfully request that you provide:

1. Specific dates and times within the next 24–48 hours for initial access to the property;

2. Confirmation that multiple access dates will be permitted to allow for complete removal of my belongings;

3. Adequate time during each entry (several hours, as needed) to facilitate safe and orderly removal, including coordination with movers;

4. Confirmation that all personal property, furnishings, and appliances will be preserved and not ~~removed, disposed of, or disturbed prior to retrieval~~.

Given the circumstances, including my disability and the scope of the property involved, I request that this matter be handled promptly and with reasonable accommodation.

I am seeking to resolve this matter cooperatively; however, continued denial of access or unreasonable limitations may require further action to protect my rights and property.

Please respond at your earliest convenience so that arrangements can be made immediately.

Thank you for your prompt attention to this urgent matter.

Sincerely,
Tracy Hurst-Castl

(702)739-4464

# EXHIBIT D

 Outlook

## Undeliverable: RE: Lock out - Property Address: 3910 White Fir Way - Accommodations to Retrieve Personal Property

**From** postmaster@outlook.com <postmaster@outlook.com>

**Date** Thu 3/19/2026 9:39 AM

**To** erica@househustle.com <erica@househustle.com>

📎 1 attachment (42 KB)

RE: Lock out - Property Address: 3910 White Fir Way - Accommodations to Retrieve Personal Property;

## Delivery has failed to these recipients or groups:

erica@househustle.com

Your message was rejected by the recipient email server. Please check the recipient's email address and try resending your message, or contact the recipient directly. For more tips to help resolve this issue, see DSN code 5.1.0 in Exchange Online - Office 365. If the problem continues, contact your email admin.

The following organization rejected your message: osplibsmtp02-01.prod.phx3.secureserver.net.

### Diagnostic information for administrators:

Generating server: IA1PR14MB6390.namprd14.prod.outlook.com

erica@househustle.com
osplibsmtp02-01.prod.phx3.secureserver.net
Remote server returned '554 5.1.0 <osplibsmtp02-01.prod.phx3.secureserver.net #5.1.0 smtp;550 5.1.0 <erica@househustle.com> Recipient not found. <https://www.secureserver.net/help/fix-rejected-email-with-a-bounce-error-40685?pl_id=3153&prog_id=3153#irb>>'

Original message headers:

```
ARC-Seal: i=1; a=rsa-sha256; s=arcselector10001; d=microsoft.com; cv=none;

b=omxLW+m+jwB3dacPmE2YxcncaJaFb30YU6gXxTS3nzbzWMj+SCrNbwQFYHijRBrN600FGck1eP4yKI0tYCNhqFX9zDHnaU8uHviG
5H+e/CMNNEDKzICB/9xcTIRe/TE6SuET+43IyBfR/Ggs1HIVH5nj7VyP5E+QCh0RTYGr/RIlzeMfQnBu06QKO6sLmowvxKysL4uo3E
u06BQ9D6dKwbX/hHs/c/m37V+SGcuGuGR9jnppHt8DdtXTX5jCZqPdjvskrwHh41L86uAoGTbehkOYddvALegf0VClN17RlHQ0BH81
3yj1c0NsDHJh8fufS8rxqBRbpZQJu1dxWDmC4g==
ARC-Message-Signature: i=1; a=rsa-sha256; c=relaxed/relaxed; d=microsoft.com;
 s=arcselector10001;
 h=From:Date:Subject:Message-ID:Content-Type:MIME-Version:X-MS-Exchange-AntiSpam-MessageData-
```

ChunkCount:X-MS-Exchange-AntiSpam-MessageData-0:X-MS-Exchange-AntiSpam-MessageData-1;
 bh=sLuJxAhKL/Q8fDSOmpPxdLl9Y2SNc2S15FUU/JzjTQA=;

b=UxxFNOTiAQfV1x6isBYmaD5r+1GxpOUqHrmzfR38iZj2ZIBxNC/Tsg2Dk1RUUmsgZVtzf1QBI4Uqypc9/NKDC9qxzYr6RllAV/Ag
XrBmMiHl97Z2ymIoQsds2yKC9NQ4I4Vs9lwRY4KnipK0hHIHMa/gWm73sq+BtT2dCCI1CJxlSe/FbXIpPcgGcxpyurv2K1pD6o1oDd
TMM3VwFK7RBDF1WUW7ihf1Evd/KeAqranh0Q1gzJ/sWBEStv+b2v7XeSlPKUv3LR+u5PwE/rck9N7yAiMDJ4toUMd33q6JX+HN/iIf
NC/bA639tM83ICXfCoDBpfwjlTDzfjCrLzCx4g==
ARC-Authentication-Results: i=1; mx.microsoft.com 1; spf=none; dmarc=none;
 dkim=none; arc=none
DKIM-Signature: v=1; a=rsa-sha256; c=relaxed/relaxed; d=hotmail.com;
 s=selector1;
 h=From:Date:Subject:Message-ID:Content-Type:MIME-Version:X-MS-Exchange-SenderADCheck;
 bh=sLuJxAhKL/Q8fDSOmpPxdLl9Y2SNc2S15FUU/JzjTQA=;

b=cnKziMPbrkyYTc4tszOJvEyukyY1/Tggg8OwEjzjGWrYRj6STelltZ0cNZhV8yGuWv5oxVmVNgPt9tWNec7Qdk1+p1dzfG5S5wln
hOxL6X5zDBml7rkGgHXYsvAceeXdiSJ8z1N3tn2irShcXe7gbJ/RocnYfVzy7J8z5mer9jyOV6JUiGMu6/uXnq+5LTYS9lkf313wcT
1ldxWArpRM66TLli5BFh0pNDfW2NKLjdTGRjHpYSqEv/8QnW8UU0rQXuXUwSakF7CARPny01IGINWjMxwe9eATWuSHgKEDULPCAr19
fKairtah5jmPq13AjG84BDwHJDDSc5STdO0rWQ==
Received: from MN2PR14MB4030.namprd14.prod.outlook.com (2603:10b6:208:1dc::14)
 by IA1PR14MB6390.namprd14.prod.outlook.com (2603:10b6:208:421::13) with
 Microsoft SMTP Server (version=TLS1_2,
 cipher=TLS_ECDHE_RSA_WITH_AES_256_GCM_SHA384) id 15.20.9723.19; Thu, 19 Mar
 2026 16:39:08 +0000
Received: from MN2PR14MB4030.namprd14.prod.outlook.com
 ([fe80::78a3:33d5:aa0f:2274]) by MN2PR14MB4030.namprd14.prod.outlook.com
 ([fe80::78a3:33d5:aa0f:2274%5]) with mapi id 15.20.9723.018; Thu, 19 Mar 2026
 16:39:08 +0000
From: TRACY HURST <tlhangel@hotmail.com>
To: "erica@househustle.com" <erica@househustle.com>
CC: TRACY HURST <tlhangel@hotmail.com>
Subject: RE:  Lock out - Property Address:  3910 White Fir Way -
 Accommodations to Retrieve Personal Property
Thread-Topic: Lock out - Property Address:  3910 White Fir Way -
 Accommodations to Retrieve Personal Property
Thread-Index: AQHct73SCEkuADMihEq661+8MXtlVg==
Date: Thu, 19 Mar 2026 16:39:08 +0000
Message-ID: <MN2PR14MB4030C7F20CE48D90B308F940DE4FA@MN2PR14MB4030.namprd14.prod.outlook.com>
Accept-Language: en-US
Content-Language: en-US
X-MS-Has-Attach:
X-MS-TNEF-Correlator:
msip_labels:
x-ms-exchange-messagesentrepresentingtype: 1
x-ms-publictraffictype: Email
x-ms-trafficTypediagnostic: MN2PR14MB4030:EE_|IA1PR14MB6390:EE_
x-ms-office365-filtering-correlation-id: b47e0ca2-a7ec-4e30-284d-08de85d60aff
x-microsoft-antispam:
BCL:0;ARA:14566002|15030799006|19110799012|25031999004|41001999006|15080799012|8060799015|8062599012|3
1061999003|461199028|37011999003|12121999013|3412199025|440099028|102099032|13041999003|40105399003|52
005399003|1710799026;
x-microsoft-antispam-message-info: =?Windows-1252?Q?
ruuW87i/z6AgL7o9qXH5hSqcUG4H1ymz6IDOOX2KkyTTX63ebJAFuEam?=
 =?Windows-1252?Q?FwTlDFRU26yGzIiFfztspqqq4v3XKBW0RTk9Qi8iagZMKR9YZvFZdgEY?=
 =?Windows-1252?Q?3JFtwTatRCUbvYXFTbpJGodQShRlL/dWOaT1xOdRsZ3ynsBH68B1bDb1?=
 =?Windows-1252?Q?d/hX2uwmzFNGL/n1gK5vSy6IpaHn+WulVMmfUXGQwIiPBIxmxudfJLeo?=
 =?Windows-1252?Q?ODInNK5VV2E03EZmDM+5+Tmc6pm5Q9gjoNX1GmVSrfP4oGoVpgHt0lwG?=
 =?Windows-1252?Q?1RRcTpnz9jFFrZtaKJtcgok+hoLzpC1BQ1a+vHk6is9d6sJq4Hlcz4kB?=
 =?Windows-1252?Q?8ldBJeaiPg3qSfP2LszODXRhpA0vVFXjDSvoZFzfNqDVOnzij4L6X9B9?=
 =?Windows-1252?Q?kX8Q4kHFgb3LYGGY1jWgi5S2rPYu2lwdF2mnkVo+1TuheGoem1UmDfyA?=
 =?Windows-1252?Q?0XmpuJPrNekHFIxDA7YP3SLrMVZS/mhjCHM3NMcbOzfPv9AZvF4Iu944?=
 =?Windows-1252?Q?uc0OmAjFMQCTOSzAPKRTzIzMn+MwFkqIPtPT2tEAmUADJKZf1YaPJKjY?=
 =?Windows-1252?Q?pU+iuxs1WS9rbbHIoRx69g3pzyjZ0j9F/wZAh2wRrduET2+NKWxhk4tl?=
 =?Windows-1252?Q?2lGdVfQM+tqlV4MauEC2QMvncquk71iy+X56hebDjQUVIPpR3+CmY2wH?=
 =?Windows-1252?Q?miC4u9dVc3FNM/5GSslNR+M9sSlh9cRkvT5Ci+og9V+RPVyvGszFbYGg?=
 =?Windows-1252?Q?bUZ9/c6HneoYYygfUEdTnWH1Qi6pib8sqZCixVbWyMchYJEhdiAJJeKo?=
 =?Windows-1252?Q?RFJGzV18YPC+mpoNNmIWRN4BAU2hGBd6U0EidZk7GNWolpEONWXA3u73?=
 =?Windows-1252?Q?iFpDJBQ/VuIywaZYpFC28JKCa7TMQuiyq8F+SmHbETle2MnnkAJnfFdh?=
 =?Windows-1252?Q?d/00amONrA6sPzjrxm0Denw6bYDPT7SdaukSXJ/rr6lsNYesidHaQWpY?=
 =?Windows-1252?Q?j7I6RtY2UVB/xTnoxPuX2jQnJeTQiI7+kQiEXchcVMEcIxWLdIFaXcdB?=
 =?Windows-1252?Q?wwcnLVE97lPhbzb6djNm2giWsEavARLQpsXHupXLFk0agQsViYq48Ep8?=

=?Windows-1252?Q?xnGzZq3K/HvnGyOdgq7OfGUb1D7fb5CvZLtIn/amicfCjra4IYKotxPd?=
 =?Windows-1252?Q?lT3coiYCybU9XuvxIaqLUiimGuywRMYX?=
x-ms-exchange-antispam-messagedata-chunkcount: 1
x-ms-exchange-antispam-messagedata-0: =?Windows-1252?Q?
Sl77nL7BM8+JC3/bzngHbRLAIy4m4IIn5maZ/ReBVsVFd/j6Qzwl9CAX?=
 =?Windows-1252?Q?nCJjSLvNrPEL0u0cTn9sZAZNt6GTcbEgPSVjtEfBXJZsjw0emyU/e8SF?=
 =?Windows-1252?Q?T61hsvW8HJGaZJBBA4uBG1iHiTlbxw63k8UgwHgdvY58eS/7jijj2to1?=
 =?Windows-1252?Q?P+LW2loLNClZ7fKxNVXtroC1XSpufwVcokBb1BbDEuOmR8ZdFHHx0x/2?=
 =?Windows-1252?Q?BvYlYsG/K2fdjp+e2nqHyNGOdxt0eWhF7mF2DcU62kNq+VGfxrpOYIoo?=
 =?Windows-1252?Q?kbcjJ9LM29LLB7dr8RRj0hf3OSJ04S/Ke2ndspj4zKcxsh8cGT+4+O+Q?=
 =?Windows-1252?Q?2sfOq7tN5ifsNp1ST90+x+ED2zrOkWdBvBCdgKQrOawelXQC9R6jotLn?=
 =?Windows-1252?Q?kZlbJqv08is02CI73qfCMG1II53aKTTas/Rif8Rp5SX5lIrR+iUBzHIu?=
 =?Windows-1252?Q?NAj165IRcg4T4LWlbbFD7puHB+unfYQSGLiIMthHqFUsswlO3xM8HdGH?=
 =?Windows-1252?Q?v+RF8erjdMi5bzJgnf6nHKIuzcmvgpsS9wS4JuWWKE7hF81esqRw3mve?=
 =?Windows-1252?Q?pnRJYpWxG4hSMq8z2L+ROe5fOEgS8GdOUXpCl4gIoBo7MBadQ63GjT3F?=
 =?Windows-1252?Q?WdfD/t6TOuATctlV4CgLCpoQBeo+sX8HHgra9pmVuiDW3cJFLDdQY6Z5?=
 =?Windows-1252?Q?VGLIafrMsrMH+U7FcHPXO67CtVCSzLfLSXmCHR0CNRuk5KuRvliHjwY/?=
 =?Windows-1252?Q?HqG5+fmXja+JjMXZvfunTR32FC9QeersBBB4UNEM2ANxbzK1Z55LuoXO?=
 =?Windows-1252?Q?t2PeyJEsskpoAnzl0FjhkvmsCmhPtsnzLLERk9VMCA92rW7fa6zDKEPB?=
 =?Windows-1252?Q?AGCTU4kPdrfv9776lhI+3WLmn/WGdTRtcX3mxL3iF6vimDx1Y7ElHWPv?=
 =?Windows-1252?Q?AaHJVEPfU9Ehzx3KazaZrQghKsg9ySrcQmjmeSgAtajDPVA6HcNj2uZy?=
 =?Windows-1252?Q?uYXglfl+AYovgL+/Ugs+XoxjY+Gqum6flnBlR3/ISqh7xYxnNB/OWRJR?=
 =?Windows-1252?Q?cfSWR+nnvP0wCYguiXyK/TY8I+vMu8eR572W4nE4p9mBn0RBTdk2v51L?=
 =?Windows-1252?Q?pueOLjIbImyEUWek4PGr4WjNyn1L9M2yHs0F6OnG3G/7fxe2IB0OTNpE?=
 =?Windows-1252?Q?U+Hk+CuU4Pawps3E/Sys8kRaEfacgIzLI/6tDTvvcxvbFYiLA9PqKWi4?=
 =?Windows-1252?Q?Rd13gKVZcBlaRTARlrEwjkFT5DBgbKFS26mCp0ESMuZpMNFu3ws7T18Y?=
 =?Windows-1252?Q?w3spyxpLe6qUzHqmZCe6k7YeY90ATcY7Nk301W/QMD2yhASOZUYg+V6f?=
 =?Windows-1252?Q?T/4/oO7XhbJlFYEOjHDWYR41qr9W7fGm/YvvNl8IiXORobP1wAEZMUoi?=
 =?Windows-1252?Q?9lQEhzQ3HBbnSX4/ktQ5oSavnCxVnrymCu2NDrDUPZamS2y0Fcx5S6tu?=
 =?Windows-1252?Q?XNYQGi0RA0iQTjve3YQAOWbNUHdYEofIWy/MOV6opkmDiFdIfDY=3D?=
Content-Type: multipart/alternative;
        boundary="_000_MN2PR14MB4030C7F20CE48D90B308F940DE4FAMN2PR14MB4030namp_"
MIME-Version: 1.0
X-OriginatorOrg: sct-15-20-9412-4-msonline-outlook-13b70.templateTenant
X-MS-Exchange-CrossTenant-AuthAs: Internal
X-MS-Exchange-CrossTenant-AuthSource: MN2PR14MB4030.namprd14.prod.outlook.com
X-MS-Exchange-CrossTenant-RMS-PersistedConsumerOrg: 00000000-0000-0000-0000-000000000000
X-MS-Exchange-CrossTenant-Network-Message-Id: b47e0ca2-a7ec-4e30-284d-08de85d60aff
X-MS-Exchange-CrossTenant-originalarrivaltime: 19 Mar 2026 16:39:08.6597
 (UTC)
X-MS-Exchange-CrossTenant-fromentityheader: Hosted
X-MS-Exchange-CrossTenant-id: 84df9e7f-e9f6-40af-b435-aaaaaaaaaaaa
X-MS-Exchange-CrossTenant-rms-persistedconsumerorg: 00000000-0000-0000-0000-000000000000
X-MS-Exchange-Transport-CrossTenantHeadersStamped: IA1PR14MB6390

**EXHIBIT E**



**7:58**

message · call · video · pay

Yesterday

10:41 AM  **Outgoing Call**
18 seconds

Share Contact

Create New Contact

Add to Existing Contact

Add to Emergency Contacts

Block Caller

  Recents  Contacts  Keypad  Voicemail

**EXHIBIT F**

 **Outlook**

## Fw: Re: Undeliverable address for Erica Jade

**From** stephencervantes@peoplepc.com <stephencervantes@peoplepc.com>

**Date** Thu 3/19/2026 10:00 PM

**To** erica@housinghustle.com <erica@housinghustle.com>; stephencervantes@peoplepc.com <stephencervantes@peoplepc.com>

**Cc** erica@housinghustle.com <erica@housinghustle.com>; stephencervantes@peoplepc.com <stephencervantes@peoplepc.com>

-----Forwarded Message-----
From: TRACY HURST <tlhangel@hotmail.com>
Sent: Mar 19, 2026 9:57 PM
To: stephencervantes@peoplepc.com <stephencervantes@peoplepc.com>
Subject: Re: Undeliverable address for Erica Jade

Hi Stephen, After receiving your email today I have made several attempts to email Ms. Jade. However, every email attempt has been returned from postmaster as undeliverable. She seems to be accepting your emails, please forward this correspondence to her on my behalf. Thank you.

**Subject: Re: Request for Access to Retrieve Personal Property**

Ms. Jade,

I am responding through this email thread as my prior email attempts to you were returned as undeliverable.

I am writing in response to your March 19, 2026 email to Stephen Cervantes, sent at 1:09 PM, in which you indicated that you had not heard from me and requested that my contact information be provided.

For the record, I attempted to contact you earlier today. At approximately 9:39 AM, I sent an email to the address provided; however, that message was returned as undeliverable. I then attempted to contact you by telephone and left a voicemail at approximately 10:41 AM at the number provided by the constable. Copies of the email, the returned message, and call records have been retained for documentation purposes.

Accordingly, I am responding directly to your request for my contact information and to confirm that I have been attempting to reach you regarding access to the property.

I am a known occupant of the property and the owner of the furnishings, appliances, and the majority of the contents within the residence. Individual rooms were leased as furnished, and the common areas were furnished by me for shared use. These items were not in storage but were in active, daily use by the occupants of the home.

I am prepared to coordinate access to retrieve my personal property. Due to the volume of items, the need to coordinate movers, and accommodations related to my disability, retrieval will require adequate time and likely multiple entries.

However, I note that counsel for the purported owner has stated that no access will be provided to me. Please clarify whether you are authorized to coordinate access for me directly, and confirm that all of my personal property will be preserved and made available for retrieval.

I am available to coordinate a mutually agreeable date and time and request confirmation at your earliest convenience.

All rights are expressly reserved.

Sincerely,
Tracy Hurst-Castl

(702)739-4464

**EXHIBIT G**

 Outlook

## Fw: 3910 White Fir Way - Retrieval of Personal Belongins

**From** stephencervantes@peoplepc.com <stephencervantes@peoplepc.com>

**Date** Fri 3/20/2026 11:47 AM

**To** tlhangel@hotmail.com <tlhangel@hotmail.com>; stephencervantes@peoplepc.com <stephencervantes@peoplepc.com>

**Cc** tlhangel@hotmail.com <tlhangel@hotmail.com>; stephencervantes@peoplepc.com <stephencervantes@peoplepc.com>

-----Forwarded Message-----
From: Silvia Villanueva <SVillanueva@blackwadhams.law>
Sent: Mar 20, 2026 9:44 AM
To: stephencervantes@peoplepc.com <stephencervantes@peoplepc.com>
Cc: Natasha Kiernan <NKiernan@blackwadhams.law>
Subject: 3910 White Fir Way - Retrieval of Personal Belongins

Good morning, Mr. Cervantes.

As you know, I represent Long Term Capital Partnership, VI, with respect to the recent eviction proceedings related to 3910 White Fir Way ("Property"). Our office is currently working with our client to inventory all items left within the Property and schedule a time for you to retrieve your belongings. I will provide you with dates and times for retrieval upon receipt of the same. In the meantime, please direct all communications regarding this matter to me.

Further, please be advised that pursuant to NRS 118A.460 we plan to issue an invoice for all costs incurred by my client for the inventory, moving, and storage of your personal belongings. Said invoice must be paid prior to the release of your personal belongings. However, my client may be open to waiving said fees so long as you agree to act cooperatively to ensure expedited and timely removal of all personal belongings without unnecessary delay.

Lastly, please provide us with your best mailing address so that we may provide you with all notices that may be necessary in this matter, if any.

Silvia U. Villanueva, Esq.
Licensed in NV | DC

### BLACK&WADHAMS

p: (775)883-5149
a: 50 W. Liberty Street, Suite 1100, Reno NV 89501

w: www.blackwadhams.law  e: svillanueva@blackwadhams.law

## Disclaimer

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by Mimecast, a leader in email security and cyber resilience. Mimecast integrates email defenses with brand protection, security awareness training, web security, compliance and other essential capabilities. Mimecast helps protect large and small organizations from malicious activity, human error and technology failure; and to lead the movement toward building a more resilient world. To find out more, visit our website.